UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel:
SNAPP, Inc., f/k/a Dearborn
Systems Services, Inc.,

    Plaintiff,

v.                                                      Case No. 06-11848

FORD MOTOR COMPANY,            HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER DENYING SNAPP'S MOTION FOR RECONSIDERATION

I.

This is a Qui Tam action brought by SNAPP, Inc. (SNAPP) against Ford Motor Company (Ford) generally claiming that Ford made false claims or statements beginning in 1991 and continuing through 1999, in violation of the False Claims Act, 31 U.S.C. § 3729 (FCA). Ford filed a motion to dismiss the complaint on the grounds that the allegations fail to meet the pleading requirements under Fed. R. Civ. P. 9(b). Ford also asked for an order finding that SNAPP's claims under the FCA predating April 30, 1997 are barred by the six year statute of limitations or, if the Court finds the tolling provision under the FCA applies, that claims predating April 30, 1993 are barred by the statute of limitations. The Court granted in part and denied in part the motion. Specifically, the Court found that claims prior to April 30, 1997 are barred by the statute of limitations and directed SNAPP to file an amended complaint within twenty (20) days

1

in compliance with Rule 9(b).  See Order Granting in Part and Denying in Part Ford's Motion to Dismiss and Directing SNAPP to File an Amended Complaint within Twenty (20) Days, filed September 7, 2006.

Before the Court is SNAPP's motion for reconsideration of the Court's statute of limitations ruling.  For the reasons that follow, the motion is DENIED.

## II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

## III.

SNAPP has failed to satisfy this standard.  SNAPP argues that the Court erred in adopting an interpretation of section § 3731(b)(2) of the FCA by two district courts outside of the Sixth Circuit and again urges the Court to follow the contrary decision of the Court of Appeals for the Ninth Circuit.  As explained in the order, however, the Court found the district courts' decisions more persuasive.  SNAPP also says that the Court misconstrued the holding in Sanderson v. HCA-The Healthcare Co., 447 F.3d 873 (6th Cir. 2006).  The Court did not misconstrue the holding in Sanderson.  The Court recognized that the Sixth Circuit did not consider the statute of limitations issue and simply noted that the Sixth Circuit did not reject the district court's holding.  The Court's statements were in no way an indication that the Sixth Circuit had ruled on the proper

interpretation of § 3731(b)(2) as to realtors.

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: September 27, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 27, 2006, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5160